**August L. FRANKE and Marie V. Franke, doing business as Q. W. Laboratories, Plaintiffs-Appellees,**

v.

**William WILTSCHEK, Armand Blatt and William Wiltschek and Armand Blatt, doing business as W. B. Associates, doing business as Jo Lane Sales Company, and doing business as Facelettes Company (not incorporated), Defendants-Appellants,**

and

**Betti Pearson, Inc., Defendant.**

No. 257, Docket 24423.

United States Court of Appeals Second Circuit.

Argued March 11, 1957.

Decided May 28, 1957.

Irving A. Thau, New York City, for defendants-appellants.

William D. Burrows, New York City, for plaintiffs-appellees.

Before HINCKS, STEWART and LUMBARD, Circuit Judges.

PER CURIAM.

This appeal questions the propriety of a judgment of the district court against William Wiltschek and Armand Blatt individually for profits accruing from the manufacture and sale of compressed facecloths in the form of hard cylinders, known as Facelettes, in an action where the two individuals and Betti Pearson, Inc. were found guilty of unfair competition. The amount of the profits is not in dispute.

The history of this case, which includes a decision of this court reported under the same title in 1955, 209 F.2d 493, and the proceedings leading up to Judge Edelstein's order of September 4, 1956, lead us to conclude that the order and judgment of the district court should be affirmed.

After a trial of the issues in 1953 before Judge Clancy, he entered a decree which provided in part as follows:

"That plaintiffs recover *as damages* from defendants William Wiltschek, Armand Blatt, *individually and doing business as W. B. Associates,* * * * *and defendant Betti Pearson, Inc.* all profits accruing from defendants' manufacture and sale of 'Facelettes' and similar compressed face cloths in the form of hard cylinders * * *" [Emphasis added.]

The decree also named a Special Master to take and study an accounting of such profits.

■ It is clear that Judge Clancy decided that each of the three defendants, William Wiltschek, Armand Blatt and Betti Pearson, Inc. was liable for all of the profits made and sold through the corporation or otherwise by these individual defendants. Judge Clancy had found that Wiltschek and Blatt were directors and vice-presidents and their wives were owners of half the issued stock of Betti Pearson, Inc., 115 F.Supp. 28. We affirmed that decision, 1955, 209 F.2d 493, and the question of individual liability is thus settled. It cannot be reopened in the subsequent proceedings which were solely for the purpose of determining the amount of the damages.

Judge Edelstein's order holding the individual defendants and Betti Pearson, Inc. " * * * jointly and severally liable to the plaintiffs * * *" for the profits as damages, and directing judgment therefor against the three defendants is thus clearly correct.

It follows from this that it was proper for Judge Edelstein to direct the three defendants to reimburse the appellee for the Special Master's fee of $1,500. This was a necessary and reasonable expense incurred in order to determine the profits.

Affirmed.

HINCKS, J., concurs in the result.